# EXHIBIT D

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:44 PM                INDEX NO. 653974/2019
NYSCEF DOC. NO. 5                                                 RECEIVED NYSCEF: 08/26/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DREAMBUILDER INVESTMENTS, LLC,

    *Plaintiff*,

-against-

MERSCORP HOLDINGS, INC.,

    *Defendant*.

**COMPLAINT**

Index No.: 653974/2019

    Plaintiff DREAMBUILDER INVESTMENTS, LLC ("DBI" or "Plaintiff"), by and through its attorneys, The Wagoner Firm, PLLC, as and for a Verified Complaint in this matter alleges as follows:

## INTRODUCTION

    1.    Plaintiff brings this action against defendant MERSCORP HOLDINGS, INC. ("MERSCORP" or "Defendant") to allege that MERSCORP tortiously interfered with DBI's business; to allege unjust enrichment and breach of contract; and to request a declaratory judgment of DBI's rights over the loans DBI transferred onto MERSCORP's system that MERSCORP is now threatening to release and/or refusing to transfer to DBI or DBI's successors through standard, mutually agreed upon methods.

## THE PARTIES

    2.    At all times herein, DBI is a domestic limited liability company with a principal place of business in the County of New York.

    3.    At all times herein, MERSCORP is a foreign business corporation authorized to transact business in the state of New York; its principal executive office is in 1818 Library St. Suite 300, Reston, Virginia, 20190.

## VENUE

4.  Pursuant to CPLR § 503, venue is proper in the County of New York as Plaintiff's principal place of business is in the County of New York and a substantial part of the events or omissions giving rise to the claims occurred in the County of New York.

## BACKGROUND

5.  MERSCORP owns and operates a national electronic registry system that tracks the changes in servicing rights and beneficial ownership interests in mortgage loans that are registered on the system (the "MERS System").

6.  The MERS System merely tracks changes in servicing and note ownership.

7.  DBI was a member of the MERS System.

8.  As a member, DBI transferred thousands of loans electronically onto the MERS System.

9.  Upon information and belief, MERSCORP unilaterally terminated DBI's MERS System membership without first giving DBI the opportunity to transfer its loans off of the MERS System.

10. The termination prevents DBI from accessing and transferring the loans DBI transferred onto the MERS System under DBI's name.

11. MERSCORP is now unilaterally insisting that DBI pay MERS an amount of $50 per loan to transfer the loans as a "signing fee" which would not be required if MERSCORP did not shut off access to its systems to DBI or if MERSCORP provided a Power of Attorney to DBI's representative or DBI'S vendor.

12. As a result of the unilateral termination, MERSCORP is effectively holding thousands of DBI's loans hostage, even though DBI was the entity that transferred or authorized the transfer of these loans onto the MERS System.

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:44 PM                INDEX NO. 653974/2019
NYSCEF DOC. NO. 5                                              RECEIVED NYSCEF: 08/26/2019

13. At the same time, MERSCORP is imposing draconian, self-imposed rules that make it far more expensive, time consuming and inefficient for DBI to transfer its loans off of the MERS System.

14. MERSCORP's unnecessary and unilateral labor intensive process has brought the transfer process to a halt when it normally would only take a few hours—now, it will take months and cost DBI tens of thousands of dollars in unnecessary costs.

15. MERSCORP is imposing these unfair self-imposed rules even though it has acknowledged that DBI is the servicer and investor on the loans in the MERS system.

16. Despite acknowledging that DBI is the servicer and investor of loans on the MERS system, MERSCORP, by a letter dated June 18, 2019, threatened "to obtain order of the court founded on the MERS® System Rules of Membership confirming the vesting in MERS of the power to execute a **lien release of the security instrument related to any loan that is owned or served by DBI** where MERS is the lien holder of record, regardless of whether the mortgage is registered on the MERS® System."

17. If MERSCORP obtains a lien release of the security instrument related to any loans that are owned or served by DBI as it has threatened in writing to do; MERSCORP would harm DBI's business in an amount that exceeds $10,000,000.00.

18. In line with this "take-it-or-leave-it" stance, MERSCORP also has imposed a $25,000.00 fine without any contractual basis for this arbitrary penalty.

19. MERSCORP relies on an invoice dated April 11, 2016 for an alleged $25,000.00 fine due to a "Penalty – Signing Officer Violation" "Case No. 10006079-0009".

20. To justify the $25,000 fine, MERSCORP points to a letter dated November 24, 2015 which only generally references a violation of the MERS® System Rules of Membership and Procedure Manual.

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:44 PM                INDEX NO. 653974/2019
NYSCEF DOC. NO. 5                                               RECEIVED NYSCEF: 08/26/2019

21. MERSCORP then provides a copy of the MERS® System Rules of Membership, effective July 3, 2017 (or nearly two years after the letter citing a violation of the rules) and claims that DBI violated MERSCORP's rules.

22. In reviewing the 2017 MERS® System Rules of Membership; there is no fee schedule to impose a $25,000.00 fine.

23. Instead, like the termination of DBI, the $25,000 fine was unilaterally levied on DBI.

24. Ultimately, MERSCORP is holding the loans DBI transferred onto the MERS System hostage, while simultaneously threatening to release DBI's security instruments while, imposing an arbitrary $25,000.00 fine and making a process to transfer the loans off the MERS System so labor intensive that it could take months rather than hours.

## AS AND FOR A FIRST CAUSE OF ACTION
(TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE)

25. Plaintiff repeats and realleges the facts and allegations contained in the foregoing paragraphs as if fully set forth herein.

26. MERSCORP knows or should know that DBI has business relationship with third parties.

27. Some of the third parties that DBI has relationships with are memorialized in the security instruments.

28. These business relationships with third parties concern the loans DBI transferred onto the MERS System prior to MERSCORP's unilateral termination of DBI's membership.

29. MERSCORP has unlawfully, intentionally and/or maliciously interfered with DBI's business relationships with third parties by imposing its self-imposed draconian rules to prevent the assignment of loans DBI transferred onto the MERS System.

30. MERSCORP has unlawfully, intentionally and/or maliciously interfered with DBI's business relationships by threatening to release all of DBI's security instruments.

31. As a result of MERSCORP's action, Plaintiff has suffered damages in an amount to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (UNJUST ENRICHMENT)

32. Plaintiff repeats and realleges the facts and allegations contained in the foregoing paragraphs as if fully set forth herein.

33. Defendant has been unjustly enriched by, among other things, collecting a $50.00 processing fee for assignment of each loans DBI transferred on to the MERS System.

34. Defendant has been unjustly enriched by, among other things, imposing a $25,000.00 fine against DBI.

35. Defendant will continue to be unjustly enriched by requiring DBI to pay $50.00 for each assignment and imposing a $25,000.00 fine.

36. Upon information and belief, it would be inequitable to permit MERSCORP to continue to collect the $50.00 fee for each assignment on thousands of loans.

37. Similarly, MERSCORP has imposed an arbitrary $25,000.00 fine on DBI.

38. It would be inequitable to permit MERSCORP to collect the $25,000.00 fine.

39. As a result of MERSCORP's action, Plaintiff has suffered damages in an amount to be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF CONTRACT)

40. Plaintiff repeats and realleges the facts and allegations contained in the foregoing paragraphs as if fully set forth herein.

41. DBI and MERSCORP entered in to one or more agreements.

42. MERSCORP breached the contract.

43. DBI fulfilled its contractual obligations.

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:44 PM                INDEX NO. 653974/2019
NYSCEF DOC. NO. 5                                               RECEIVED NYSCEF: 08/26/2019

44. As a result of MERSCORP's breaches, Plaintiff has suffered damages in an amount to be proven at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
(DECLARATORY JUDGMENT)

45. Plaintiff repeats and realleges the facts and allegations contained in the foregoing paragraphs as if fully set forth herein.

46. A justiciable controversy between DBI and MERSCORP exists.

47. DBI has a legal right to the loans it transferred onto the MERS System.

48. MERSCORP does not have the right to execute a lien release of the security instrument related to any loan that is owned or served by DBI.

49. MERSCORP's lien release will result in millions of dollars in damage to DBI.

50. By reason of the foregoing, DBI is entitled to a declaratory judgment that MERSCORP is not entitled to obtain a lien release of the security interests that are owned or served by DBI.

51. By reason of the foregoing, DBI is entitled to a declaratory judgment that it is allowed to transfer the loans it has transferred or authorized the transfer of onto the MERS System using the MERS System or another standard, mutually acceptable method to do so.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

1. An award of damages to Plaintiff in an amount to be determined at trial, but in no event less than $10,000,000.00;

2. A declaration that Defendant is not entitled to release the security interests that are owned or served by Plaintiff;

3. A declaration that Plaintiff is allowed to transfer the loans it transferred onto the MERS System;

4. All costs incurred in bringing this action, including attorneys' fees; and

5. Such other and further relief as this Court may deem just and proper under the circumstances.

DATED:    August 26, 2019
            Albany, New York             THE WAGONER FIRM, PLLC

                                                          Matthew D. Wagoner, Esq.
                                                          *Attorneys for Plaintiff*
                                                          150 State St., Suite 504
                                                          Albany, NY 12207
                                                          Tel.: 518-400-0955

TO:    (via NYSCEF)
        Andrea M. Roberts
        Edward W. Chang
        BLANK ROME LLP
        1271 Avenue of the Americas
        New York, New York 10020
        (212) 885-5000
        *Attorneys for Defendant MERSCORP Holdings, LLC*