UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DREAMBUILDER INVESTMENTS, LLC,                Case No.: 19-cv-08937 (ER)

                    Plaintiff,

        - against –                           **DEFENDANTS MERSCORP
                                              HOLDINGS, INC.'S,
MERSCORP HOLDINGS, INC.,                      <u>ANSWER WITH
                                              COUNTERCLAIM</u>**

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MERSCORP Holdings, Inc. (hereinafter "Defendant" or "MERSCORP"), by and through

its attorneys, Blank Rome LLP, respond to the allegations in Plaintiff Dreambuilder Investments,

LLC's ("Plaintiff" or "DBI") Complaint (hereinafter the "Complaint") as follows:

<u>**AS TO INTRODUCTION**</u>

1.      The allegations in paragraph 1 of the Complaint state a legal conclusion to which

no response is required.  To the extent a response is required, the allegations are denied.

<u>**AS TO PARTIES**</u>

2.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

<u>**AS TO VENUE**</u>

4.  The allegations in paragraph 4 of the Complaint state a legal conclusion to which no

response is required.

**AS TO BACKGROUND**

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.    Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    The allegations contained in Paragraph 16 of the Complaint reference a document which speaks for itself, and therefore, the allegations contained in Paragraph 16 are denied as stated to the extent they attempt to summarize or characterize the document, and Defendant respectfully refers all issues of law and fact to the Court.

17.    The allegations contained in paragraph 17 of the Complaint contain legal conclusions to which no response is required and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, the allegations are denied.

18.    Denied.

19.    The allegations contained in Paragraph 19 of the Complaint reference a document which speaks for itself, and therefore, the allegations contained in Paragraph 19 are denied as stated to the extent they attempt to summarize or characterize the document, and Defendant respectfully refers all issues of law and fact to the Court.

20.    The allegations contained in Paragraph 20 of the Complaint reference a document which speaks for itself, and therefore, the allegations contained in Paragraph 20 are denied as

stated to the extent they attempt to summarize or characterize the document, and Defendant respectfully refers all issues of law and fact to the Court.

21.     The allegations contained in Paragraph 21 of the Complaint reference a document which speaks for itself, and therefore, the allegations contained in Paragraph 21 are denied as stated to the extent they attempt to summarize or characterize the document, and Defendant respectfully refers all issues of law and fact to the Court.

22.     The allegations contained in Paragraph 22 of the Complaint reference a document which speaks for itself, and therefore, the allegations contained in Paragraph 22 are denied as stated to the extent they attempt to summarize or characterize the document, and Defendant respectfully refers all issues of law and fact to the Court.

23.     The allegations contained in paragraph 23 of the Complaint contain legal conclusions to which no response is required and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, the allegations are denied.

24.     The allegations contained in paragraph 24 of the Complaint contain legal conclusions to which no response is required and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, the allegations are denied.

<strong><u>AS TO THE FIRST CAUSE OF ACTION</u></strong><br><strong>(Tortious Interference with Economic Advantage)</strong>

25.     Defendant repeats and realleges its responses and defenses contained in the foregoing paragraphs as if fully set forth herein.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint reference documents which speaks for themselves, and therefore, the allegations contained in Paragraph 27 are denied as stated to the extent they attempt to summarize or characterize the documents, and Defendant respectfully refers all issues of law and fact to the Court.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

31.     The allegations contained in paragraph 31 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to relief on its First Cause of Action, if any, and Defendant respectfully refers all issues of law and fact to the Court.

## AS TO THE SECOND CAUSE OF ACTION
### (Unjust Enrichment)

32.     Defendant repeats and realleges its responses and defenses contained in the foregoing paragraphs as if fully set forth herein.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, Defendant denies the allegations

contained in Paragraph 37 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

38.     The allegations contained in Paragraph 38 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law and fact to the Court.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

39.     The allegations contained in paragraph 39 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to relief on its Second Cause of Action, if any, and Defendant respectfully refers all issues of law and fact to the Court.

## AS TO THE THIRD CAUSE OF ACTION
### (Breach of Contract)

40.     Defendant repeats and realleges its responses and defenses contained in the foregoing paragraphs as if fully set forth herein.

41.     Admitted.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations contained in Paragraph 43 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

44.     The allegations contained in paragraph 44 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to relief on its Third Cause of Action, if any, and Defendant respectfully refers all issues of law and fact to the Court.

### AS TO THE FOURTH CAUSE OF ACTION
**(Declaratory Judgment)**

45.     Defendant repeats and realleges its responses and defenses contained in the foregoing paragraphs as if fully set forth herein.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law and fact to the Court.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint contain legal conclusions to which no response is required, and Defendant respectfully refers all issues of law

and fact to the Court. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint, and Defendant respectfully refers all issues of law and fact to the Court.

50. The allegations contained in paragraph 50 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to relief on its Fourth Cause of Action, if any, and Defendant respectfully refers all issues of law and fact to the Court.

51. The allegations contained in paragraph 51 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to relief on its Fourth Cause of Action, if any, and Defendant respectfully refers all issues of law and fact to the Court.

## AS TO PRAYER FOR RELIEF

52. Defendant denies that Plaintiff may recover any of the requested relief in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.     The allegations and claims asserted in the Complaint have always been and continue to be frivolous, groundless and without merit as against Defendant.  Plaintiff has brought this action against Defendant in bad faith.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff has suffered no actual or concrete damages.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided because Plaintiff failed to take reasonable steps to mitigate its damages with respect to the matters alleged in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's claims against Defendant are barred in whole or in part by the doctrines of waiver, laches and/or estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's damages, which Defendant expressly denies, are due to her own affirmative, wrongful, improper, unreasonable, fraudulent, illegal and inequitable conduct, breaches of duty, lack of diligence, poor judgment, misconduct or omissions, which bar Plaintiff from recovering any such damages, in whole or in part, or alternatively, requires that any such damages recoverable by Plaintiff must be diminished to the extent of Plaintiff's own culpable conduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff's damages, which Defendant' expressly denies, are the result in whole or in part from intervening, superseding, affirmative, wrongful, improper, unreasonable, fraudulent, illegal and inequitable conduct, breaches of duty, lack of diligence, poor judgment, misconduct or omissions by other parties, persons or entities not under Defendant's control.

## AS AND FOR AN ELEVANTH AFFIRMATIVE DEFENSE

11.      Plaintiff's claims against Defendant are barred by the doctrines of ratification, novation, agreement, mutual assent, accord and satisfaction, acquiescence and/or consent.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

12.      Principles of equity warrant denial of the relief requested in Plaintiff's Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.      At all relevant times, Defendant's alleged conduct was in good faith and complied with the rules and regulations of, and the statutes administered by the official department, division, commission and/or agency of the United States as such rules, regulations or statutes are interpreted by such department, division, commission or agency or the courts.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims and damages, which are expressly denied, are barred, in whole or in part, because her alleged damages, if any, which are expressly denied, are too speculative, uncertain, derivative, indirect and/or remote.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff has failed to plead its claims with requisite particularity, or state in detail the alleged wrongs upon which Plaintiff's Complaint is based.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's Complaint is barred, in whole or in part, because the injury(ies) alleged is (are) not the type addressed by the laws under which Plaintiff purports to bring her claims against Defendant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's Complaint is barred to the extent Plaintiff seeks multiple recoveries for the same injury alleged.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant has a defense founded upon documentary evidence.

## AS AND FOR A TWENTYTIETH AFFIRMATIVE DEFENSE

19.     Plaintiff is barred from making its claims based on its own fraudulent conduct and/or wrongdoing.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

20.     The foregoing affirmative defenses are raised by Defendant without waiver of any other defenses that may develop during the course of discovery and Defendant reserves its right to amend and/or supplement this Answer to assert such additional defenses as they become

available.

## COUNTERCLAIMS

### FACTS COMMON TO ALL COUNTERCLAIMS

1.      MERSCORP is a privately held Delaware corporation with its principal place of business in Reston, Virginia.  MERSCORP owns and operates the MERS® System, a national electronic database which tracks changes in servicing rights and beneficial ownership interests for loans registered in the database, as reported to MERSCORP by MERS® System Members.

2.      MERSCORP's subsidiary, Mortgage Electronic Registration Systems, Inc. ("MERS") holds security instruments in the land records for loans which are registered on the MERS® System and for which a MERS® System Member is the servicer or investor of the subject loan.

3.      Plaintiff applied to become a MERS® System Member in 2007.

4.      Upon executing the MERS® System Membership Application, Plaintiff agreed to become bound by the MERS® System Rules of Membership ("MERS® Rules") and the MERS® System Procedures Manual, as amended from time to time (the "Governing Documents"), and in particular that MERS would only hold liens for which the loan servicer is a MERS® System Member.  *See* **Exhibit A** (MERS® System Rules of Membership in effect as of September 1, 2015) and **Exhibit B** (Procedures Manual in effect as of August 31, 2015).

5.      As of July 3, 2017, MERS can only hold liens which are both owned and serviced by MERS® System Members.

6.      Pursuant to the MERS® System Procedures Manual, MERS® System Members are required to abide by the MERS® System Quality Assurance ("QA") Standards, which include, *inter alia*:  (1) ensuring that MERS is accurately recorded in the public land records as

Mortgagee after loan origination or Assignment to MERS; (2) the loan information is accurately registered on the MERS® System after origination; (3) the MERS® System Member causes assignments from MERS to be recorded when a non-MERS® System Member becomes the investor or servicer of loan registered on the MERS® System and the MERS® System is updated accordingly, (4) loans which are paid off are released of record, and (5) security instruments held by MERS and any documents executed by MERS (including assignments, lien releases, etc.) meet the MERS® System Procedures Manual Document Requirements, including that a Mortgage Identification Number ("MIN") is listed on the document, as well as other information.

7. Further, pursuant to the MERS® System Procedures Manual, MERS® System Members are, *inter alia*, required to: comply with Defendant's Quality Assurance Plan (which lists the QA standards, requirements, and validations for which a Member that performs transactions on the MERS® System is responsible); comply with Defendant's Annual Reporting process that confirms the controls that a Member has in place for their system-to-system reconciliation, reject/warning processing, and adherence to their MERS® System QA Plan; reconcile all required and conditional fields on the MERS® System with their System of Record; and comply with Defendant's QA compliance monitoring.

8. The Governing Documents require, *inter alia*, the MERS® System Members indemnify Defendant when Defendant is named in a legal action in connection with a loan for which the MERS® System Member is the loan servicer or investor. Although Plaintiff is no longer a MERS® System Member, the indemnification provisions survived termination of Plaintiff's MERS® System Membership. Additionally, MERS® System Members are required

to comply with MERS® System Procedures related to the execution of documents by MERS Signing Officers.

9.      The Governing Documents permit Defendant to impose a monetary penalty or otherwise sanction a MERS® System Member for each violation of the provisions of the Governing Documents or for errors, delays or other conduct materially detrimental to the operation of Defendant. *See* Exhibit A, Rule 7, Section 1(a). The imposition of monetary penalties or other sanctions is subject to notice, an opportunity to provide a written response and an opportunity for the MERS® System Member to cure and/or remedy the violation. *Id*.

10.      If the MERS® System Member does not cure the violation, the MERS® System Member will receive notice of the imposition of any sanctions or monetary penalty, as well as notice of the potential for termination of membership. *Id*., Rule 7, Section 1(c). The MERS® System Member has 30 days to cure/remediate the violation and pay any assessed monetary penalty. *Id*.

11.      If the MERS® System Member fails to cure/remediate the violation and pay the assessed monetary penalty within the applicable time, Defendant may terminate the MERS® System membership. *Id*., Rule 7, Section 1(e).

12.      Plaintiff repeatedly failed to comply with its MERS® System Membership obligations, including its requirement to submit annual quality assurance plans and to submit to biannual data reviews.

13.      On February 25, 2015, Defendant sent Plaintiff a Notice of Rule Violation Confirmation notifying Plaintiff that it had violated the Quality Assurance Policy section of the MERS® System Procedures Manual by failing to comply with a notice of biennial data review.

14. Plaintiff was given an opportunity to cure its violation, which included multiple extensions of the applicable time periods running under Rule 7 of the MERS® System Rules of Membership, but Plaintiff failed to do so.

15. Moreover, on November 24, 2015, Defendant notified Plaintiff it was in breach of its MERS® System Membership obligations because officers or agents of Plaintiff executed numerous documents (i.e. lien releases and assignments) without following the requirements for signing authority under the MERS® System Governing Documents. Plaintiff failed to cure this violation and was assessed a $25,000 penalty (capped at this amount due to the number of violations), pursuant to MERS Rule 7 and the MERS® System Penalty Schedule for its breach of these obligations.

16. Further, on July 7, 2016, Defendant informed Plaintiff that pursuant to its Quality Assurance (QA) Data Review of Plaintiff, it had found multiple data quality violations, which underscored Plaintiff's continual failure to properly enter and reconcile the required MERS® System data. Defendant demanded that these quality issues be rectified, and followed up with Plaintiff multiple times. However, Plaintiff never rectified the violations despite the multiple requests.

17. As a result of Plaintiff's breach of its obligations under the Governing Documents and failure to cure/remediate the violations within the applicable time, Defendant terminated Plaintiff's MERS® System Membership on September 28, 2016.

18. Once Plaintiff's MERS® System Membership was terminated, its indemnification obligations continued and Defendant expended at least $9,013.05 in legal fees to defend MERS in litigation related to mortgages shown on the MERS® System as either being serviced by Plaintiff or Plaintiff being the last known MERS® System connected to the mortgage loans.

19.     Pursuant to MERS® System Rule of Membership 13, Plaintiff is responsible to indemnify Defendant for these attorney fees, and this indemnification obligation survives termination.

20.     Defendant has also expended at least $2,516.50 related to local land records research for loans which Plaintiff is named as the servicer or investor on the MERS® System. Moreover, Defendant has received numerous requests from third parties for assignments and releases of Plaintiff's liens – for example, Defendant received at least eleven (11) requests for assignments of loans that Plaintiff deactivated in the MERS® System on June 23, 2016 using the Transfer to Non-MERS Status transaction code, but for which Plaintiff failed to record assignments in local land records.

21.     For those loans, Defendant was forced to review the interests reflected on the MERS® System, perform deactivation or transfer transactions as appropriate, research the status of title in local land records, and prepare, execute, and record appropriate assignments and lien releases – all at Defendant's own time and costs, and to which Plaintiff is subject to indemnification.

22.     Pursuant to the Governing Documents, Plaintiff is responsible for all invoices due and outstanding at the time of termination and the costs incurred by Defendant in completing the activities associated with terminating Plaintiff's membership (See **Exhibit A**, at Rule 5, Section 5).

23.     Pursuant to the Governing Documents, Plaintiff is responsible to Defendant for the cost of defending indemnified claims and remedial activities for tasks Plaintiff failed to perform including legal costs (See **Exhibit A**, at Rule 14 Sections 1 and 3).

24.     Defendant's outstanding invoices to Plaintiff, other costs of completing activities associated with termination and indemnified claim costs total at least $36,529.55

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

25.     Defendant repeats and re-alleges each and every response in Paragraphs 1 through 21 of this Answer as if fully set forth at length herein.

26.     When Plaintiff executed a MERS® System Membership Application, Plaintiff agreed to become bound by the MERS® System Governing Documents.

27.     Plaintiff breached its obligations under the MERS® System Governing Documents by, among other things, executing documents without following the requirements for signing authority, as set forth above.

28.     As a result of Plaintiff's breach, Defendant terminated Plaintiff's MERS® System Membership.

29.     Pursuant to the Governing Documents, Defendant is entitled to reimbursement from Plaintiff for invoices due and outstanding at the time of termination of Plaintiff's MERS® System Membership.

30.     Pursuant to the Governing Documents, Defendant is entitled to all costs incurred by Defendant in connection with Plaintiff's termination of its MERS® System Membership.

31.     Pursuant to the Governing Documents, Plaintiff agreed to pay Defendant's costs of defending indemnified claims.

32.     Despite demand, Defendant has refused and failed to pay the outstanding invoices and costs due to Defendant under the Governing Documents.  Attached is a true and accurate copy of demand correspondence dated June 18, 2019 as **Exhibit C.**

33.     By reason of the foregoing, Defendant has suffered damages as a result of Plaintiff's breach of the Governing Documents.

34.     Defendant is entitled to a judgment in the amount of $36,529.55, plus additional attorneys' fees and costs pursuant to the Governing Documents in an amount to be determined at trial.

## AS AND FOR A SECOND COUNTERCLAIM
### (Judgment Authorizing the Release of Plaintiff's Loans Which MERS Continues to Hold)

35.     Defendant repeats and re-alleges each and every response in Paragraphs 1 through 24 of this Answer as if fully set forth at length herein.

36.     Pursuant to the Governing Documents, MERS cannot hold liens which are owned or serviced by terminated MERS® System Members, including Plaintiff.

37.     Due to Plaintiff's failure to properly update the MERS® System, Defendant cannot accurately determine which liens MERS may be holding on Plaintiff's behalf.

38.     Upon termination from the MERS® System, Plaintiff was to ensure that all liens which MERS held on Plaintiff's behalf were deactivated on the MERS® System and assigned out of MERS.

39.     According to the MERS® System, Plaintiff is servicing 393 active loans and owns 318 active loans which Defendant is holding on Plaintiff's behalf (the "Active Loans").

40.     Pursuant to the Governing Documents, when circumstances warrant that a lien should be released, *i.e.*, upon payoff or termination of MERS® System Membership, the Member is responsible for executing a release of the Security Instrument.

41.     If, upon Notice by Defendant, the Member or investor fails to take such action, MERS has the right to release such liens which MERS holds on the terminated member's behalf. *See* Ex. A, Rule 2, Section 6.

42.     Pursuant to the Governing Documents, Defendant notified Plaintiff that releases or assignments had not been executed for liens which MERS continues to hold on Plaintiff's behalf, in compliance with the Rules, and provided Plaintiff with notice to cure.  Specifically, Defendant requested (1) a list of all loans which Plaintiff is servicing or owns for which MERS is presently the lien holder of and (A) a current title report and (B) copy of the promissory note for such loan; (2) for all loans which Plaintiff has sold the investing or servicing rights and MERS was the lien holder of record at the time of the transfer, the identity and address of the transferee of each loan that Plaintiff no longer services or owns, and the date of transfer; and (3) a draft assignment (for execution by MERS) to either Plaintiff or its transfer of the security instrument related to each loan for recordation.

43.     Despite due demand, Plaintiff has refused or failed to provide the requested information and perform the necessary actions to account for transfer and accept responsibility for its loans held by MERS.

44.     For example, in May 2018, Plaintiff reached out to MERSCORP requesting assistance with assignments of mortgages held by MERS.  After discussing the request with MERSCORP, Plaintiff did not respond to MERSCORP's questions and requests for additional information on the liens for which Plaintiff required assistance.

45.     Plaintiff failed to respond to follow up requests from MERSCORP.

46.     Plaintiff did not communicate with MERSCORP until February 2019 when MERSCORP made demand for the requested information on a single mortgage lien, for which MERS was able to execute an assignment.

47.     Only in July 2019 did Plaintiff provide the information requested for only a very small number of liens.

48.     MERS executed assignments on all liens for which Plaintiff has provided all of the requested information and for which MERS still held mortgage liens.

49.     Because Plaintiff has failed to provide Defendant with the requested information needed to release  or assign all liens which MERS may be holding on Plaintiff's behalf (regardless of whether these loans are registered to Plaintiff in the MERS® System),  Defendant is therefore entitled to a judgment releasing all liens which MERS is holding on Plaintiff's behalf, together with all costs and expenses incurred by Defendant in connection with the deactivation, including, but not limited to, expenses for the execution of any lien releases necessary to have MERS removed from the land records.

WHEREFORE, Defendant respectfully requests that the Court issue an Order dismissing Plaintiff's complaint in its entirety, with prejudice, granting judgment in Defendant's favor on its Counterclaims, and granting such other and further relief as is just, proper and necessary.

Dated:   October 3, 2019

**BLANK ROME LLP**

By:  _/s/ Andrea M. Roberts_
       Andrea M. Roberts
       Edward W. Chang
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000
*Attorneys for Defendant*
*MERSCORP Holdings, Inc.*