UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DREAMBUILDER INVESTMENTS, LLC, *Plaintiff*, -against- MERSCORP HOLDINGS, INC., *Defendant*. | **AFFIDAVIT OF MATTHEW D. WAGONER IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL** Case No.: 1:19-CV-08937 (ER) |

**MATTHEW D. WAGONER, ESQ**., affirms under the penalties of perjury:

1. I am an attorney duly admitted before the courts of the Southern District of New York and am a member of The Wagoner Firm, PLLC ("TWF"). TWF appeared in this action as counsel of record for Plaintiff Dreambuilder Investments, LLC ("Dreambuilder") on August 26, 2019, upon the filing of a Complaint in New York Supreme Court.

2. I am fully aware of the facts and circumstances surrounding TWF's representation of Dreambuilder in this action and I respectfully submit this affidavit, pursuant to Rule 1.4 of the Federal Civil Local Rules of the United States District Court for the Southern District of New York, in support of TWF's application to withdraw as counsel for Dreambuilder.

3. Local Civil Rule 1.4 provides, "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

4. There are satisfactory reasons for leave to withdraw the appearance due to the existence of irreconcilable issues under the New York Rules of Professional Conduct ("NYRPC") with Counsel's representation of Dreambuilder in this action.

5. Specifically, there are satisfactory reasons to withdraw under Rule 1.16(c)(5) of the NYRPC, which permit withdrawal when the client deliberately disregards an agreement or obligation to pay legal expenses and fees. There are also satisfactory reasons to withdraw under Rule 1.16(c)(7) of the New York Rules of Professional Conduct ("NYRPC"), which permit withdrawal when a client fails to cooperate with the representation and has otherwise rendered the representation unreasonably difficult for the undersigned to carry out.

6. To the extent the Court requires additional information on these grounds for withdrawing, Counsel can provide an *ex parte* declaration for *in camera* inspection and is available for an *ex parte in camera* hearing, in both instances, to avoid public disclosure of confidences communicated to Counsel by Dreambuilder and impairment or waiver of the attorney-client privilege.

7. TWF has attempted in good faith to resolve the issues raised in this Motion.

8. Since August 2020, I have attempted to address issues that give rise to this motion with Dreambuilder's representative, Peter Andrews ("Mr. Andrews"). Time and again, he has requested more time to address the concerns while simultaneously requesting that additional legal work be performed on the matter. The date for TWF's withdrawal has been postponed while these discussions were ongoing.

9. Despite our best efforts and in the face of all the accommodations made to Mr. Andrews, he has failed to meaningfully address the issues giving rise to this application.

10. The date for TWF's withdrawal has been postponed while these discussions were ongoing, and TWF was attempting to resolve the issues. However, TWF has confirmed that the issues cannot be resolved, so is now moving to withdraw.

11. TWF has similarly sought to withdraw its representation of Dreambuilder, Mr. Andrews, and additional Dreambuilder entities in several pending New York State Court actions in New York County.

12. An order was issued granting a motion to withdraw representation in one of these actions on March 1, 2021, by Honorable Jennifer G. Schecter, J.S.C. Another order was issued granting a motion to withdraw representation in another of these actions on March 31, 2021 by Honorable Louis L. Nock.

13. At the hearing on the Motion to Withdraw before Justice Nock, Mr. Andrews admitted that he and counsel had "irreconcilable differences." A true and accurate copy of the Decision and Order on Motion to Withdraw dated March 31, 2021, is attached hereto as **Exhibit A.**

14. Notice of this Motion was provided to Mr. Andrews on April 19, 2021.

15. Furthermore, as this is an e-file matter, the parties and counsel will be served electronically.

16. Until recently, TWF has communicated with Mr. Andrews solely through email including when it provided him with notice of this motion yesterday. Accordingly, I respectfully request that the Court provide for service of these papers by email on Mr. Andrews at pandrews@dreambuilder.net with a copy to legal@dreambuilder.net, which are emails that have traditionally been used to communicate with him.

17. "On August 26, 2019, Dreambuilder filed the instant suit in New York Supreme Court. On September 26, 2019, Defendant removed the case to this Court. Defendant filed an answer and counterclaims on October 3, 2019. On November 14, 2019, Plaintiff filed a reply to Defendant's counterclaims. Since then, there has been no activity in this matter." *See* Docket No. 10.

18. On April 15, 2021, the Court directed the parties to submit a status report by April 29, 2021.

19. In order to ensure that Mr. Andrews can proceed effectively in this matter, TWF hereby requests a 30-day stay (which would include staying the deadline on the status report) so that Dreambuilder will be able to retain new counsel. I am aware of multiple other attorneys that Mr. Andrews is affiliated with, and believe that 30 days is ample time in which he can find replacement counsel.

20. Dreambuilder will not be prejudiced by the withdrawal of TWF as legal representative in this action as it has a variety of other attorneys at its disposal. Furthermore, this matter is in its infancy and there is little in the file that needs be transferred from TWF to the new attorney.

21. The parties will not be prejudiced by the short stay either.

22. To that end, we respectfully request that the Court permit TWF to withdraw as attorneys for Dreambuilder and stay all proceedings for thirty (30) days in this action to enable Dreambuilder to retain substitute counsel.

23. Counsel is not asserting a retaining or charging lien.

WHEREFORE, it is respectfully requested that this Court enter an order permitting The Wagoner Firm, PLLC to withdraw as counsel of record for Dreambuilder Investments, LLC and further, stay all proceedings in this action for 30 days, together with such other and further relief as this Court deems just and proper.

Dated: April 20, 2021
        Albany, New York

THE WAGONER FIRM, PLLC

By: _____
Matthew D. Wagoner, Esq.
Bar Code: MW76769
*Attorneys for Plaintiff Dreambuilder Investments, LLC*
150 State Street, Suite 504
Albany, New York 12207
Tel.: (518) 400-0955
Fax: (518) 734-0152
*matt@thewagonerfirm.com*

Sworn to before me this
20th day of April, 2021

_____
Notary Public

MEGAN A. KALISZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01KA6409046
QUALIFIED IN SCHENECTADY COUNTY
Commission Expires 9/14/2024